**UNITED STATES, Now for Use of MANU-FACTURERS EQUIPMENT CO. v. RUGH et al.**

No. 418.

District Court, W. D. Pennsylvania.

Aug. 23, 1939.

■■■■■■■■

John M. Reed and George L. Hilty, both of Pittsburgh, Pa., for plaintiff.

Carroll Caruthers and Vincent E. Williams, both of Greensburg, Pa., Frank A. Rugh, of Jeannette, Pa., and Louis E. Sensenich, of Greensburg, Pa., for defendant, Continental Casualty Co.

GIBSON, District Judge.

The individual defendants are trustees of the estate of the Garfield Fire Clay Company, No. 20099 In Bankruptcy, and the Continental Casualty Company, the other defendant, is surety on the bond of the trustees.

The Manufacturers Equipment Company petitioned for an order upon the trustees directing them to deliver to it certain machinery which it claimed was held by the Garfield Fire Clay Company upon a bailment lease from it. The Referee recommended that the petition be granted, and on February 14, 1939, a Judge of this Court dismissed the exceptions to the Referee's report, and ordered the delivery of the machinery to the Manufacturers Equipment Company. On February 20, 1939, demand was made upon the trustees for the machinery. The demand being refused, the Manufacturers Equipment Company, after notice of its intention to do so to the trustees on February 21, 1939, petitioned the court for a writ of attachment against the trustees on February 23, 1939. The Judge hearing this petition informed the trustees that he would issue the writ unless the order to deliver was obeyed on February 27, 1939. On the day following that date the Manufacturers Equipment Company demanded and received the machinery. The Equipment Company later brought this action to recover damages for the delay in the

delivery of the machinery between February 20 and February 28, 1939. The amount claimed consists of salary and expense of its agent in waiting for the delivery during that period, an attorney fee, and a shrinkage in the market value of the machinery during the delay.

When the order for the delivery of the machinery was made, the Reconstruction Finance Corporation was granted an exception to it.

In the opinion of the court the complaint does not set forth a breach of the conditions of the bond on the part of the trustees. The Reconstruction Finance Corporation, the debtor and creditors had the right of appeal from the order of February 14, 1939. Rule 62 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, reads in part as follows:

"Rule 62. *Stay Of Proceedings To Enforce A Judgment.*

"(a) *Automatic Stay* * * *

"Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. * * *"

Rule 81 of the Rules of Civil Procedure declares that such rules do not apply to proceedings in bankruptcy, "except in so far as they may be made applicable thereto by rules promulgated by the Supreme Court of the United States."

General Order in Bankruptcy No. 36, established by the Supreme Court on January 16, 1939, 11 U.S.C.A. following section 53, follows: "Appeals shall be regulated, except as otherwise provided in the Act, by the rules governing appeals in civil actions in the courts of the United States, including the Rules of Civil Procedure for the District Courts of the United States [28 U.S.C.A. following section 723c]."

And General Order No. 37 provides that in proceedings under the Act (Bankruptcy) "The Rules of Civil Procedure for the District Courts of the United States * * * shall, insofar as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be."

Section 25 of the Chandler Act, 11 U.S.C.A. § 48, allows a period of at least thirty days for appeals from court orders in bankruptcy proceedings. This is not inconsistent with the ten day stay provided by Rule 62, supra.

The petition of the Manufacturers Equipment Company was premature, we think, and the trustees were within their rights in withholding the machinery to the expiration of ten days from the order of February 14, 1939.

The motion of the Continental Casualty Company to dismiss the action will be allowed.